# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CITY OF WHITING, INDIANA,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) CAUSE NO.: 2:14-CV-440-TLS-PRC<br>) |
| WHITNEY, BAILEY, COX & MAGNANI, LLC,<br>　　　Defendant. | )<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). This case was removed to this Court from the Lake County, Indiana, Circuit Court by Defendant Whitney, Bailey, Cox & Magnani, LLC based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Notice of Removal alleges, among other things, that Defendant "is a Maryland limited liability company with its principal place of business in Towson, Maryland." (Notice of Removal 2, ECF No. 1).

The Notice of Removal is inadequate because it fails to properly allege the citizenship of Defendant. The state in which a limited liability company is organized is immaterial for purposes of determining diversity jurisdiction. A limited liability company is analogous to a partnership and takes the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies, the plaintiff must also plead the citizenship of those members as of the date the complaint was filed. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the

1

complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). Therefore, the Court must be advised of the identity and citizenship of each member of Defendant.

In the event that any of the members of Defendant are individuals, the Court notes that an individual's citizenship is determined by the individual's domicile and that the residency of an individual is meaningless for purposes of diversity jurisdiction. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run.").

Accordingly, the Court hereby **ORDERS** Defendant Whitney, Bailey, Cox & Magnani, LLC, to supplement the record by filing an amended notice of removal on or before July 25, 2016, that properly alleges the citizenship of Defendant.

SO ORDERED this 11th day of July, 2016.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT