**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| CITY OF WHITING, INDIANA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:14-CV-440-JTM-PRC |
| ) | |
| WHITNEY, BAILEY, COX & ) | |
| MAGNANI, LLC, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion of Movant/Non-Party, Superior Construction Co., Inc., to Quash or Modify Subpoena [DE 48], filed by Superior Construction Co., Inc. ("Superior") on May 10, 2017. No response has been filed, and the deadline to do so has passed.

As an initial matter, there is a pending Motion for Leave to File Third Amended Complaint. That motion, if granted, would add Superior as a defendant to this lawsuit. Because that motion has not yet been ruled on, the Court rules on the instant motion as to Superior in its current status as a non-party to the lawsuit. This Opinion and Order should not be interpreted as governing discovery requests to Superior in the event that Superior becomes a party to this lawsuit.

Plaintiff City of Whiting, Indiana ("Whiting"), served a subpoena on Superior on or about April 21, 2017. In that subpoena, Whiting requested the production of documents from Superior by May 10, 2017.

Superior argues that the subpoena should be quashed or modified. Superior represents that it is unable to produce the documents requested by the deadline stated in the subpoena because of the volume of records that fall under the requests, the location of the records, and the possible damage to those documents due to flooding. Superior also argues that the requests are objectionable because they are overly

broad, largely duplicative of records that Whiting already possesses, present an undue burden, and are not proportional.

The subpoena asks for five categories of records:

1. All documents and communications between Superior and Structurepoint relating to the Project.
2. All documents and communications between Superior and WBCM relating to the Project.
3. All documents and communications between Superior and the City [of Whiting] relating to the Project.
4. All surveys, both on land and in the water, performed by Superior or any other engineer or surveyor in conjunction with the Project.
5. Superior's complete project file for the Project.

(Subpoena at 6, ECF No. 49-1).

Regarding categories 2 and 3, Whiting should obtain this information from the existing parties in the litigation—either itself or Defendant Whitney, Bailey, Cox & Magnani (WBCM). "A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents." *Countryman v. Cmty. Link Fed. Credit Union*, No. 1:11-cv-136, 2012 WL 1143572, at *5 (N.D. Ind. Apr. 3, 2012) (quoting *Arthrex, Inc. v. Parcus Med., LLC*, No. 1:11-mc-107, 2011 WL 6415540, at *6 (S.D. Ind. Dec. 21, 2011)); *see* Fed. R. Civ. P. 26(b)(2)(C) ("the court must limit the frequency or extent of discovery . . . if it determines that (i) the discovery sought . . . can be obtained from some other source that is more convenient[ or] less burdensome."). Whiting has not indicated that it is unable to obtain this information from the existing parties in the lawsuit. Because Superior is currently a non-party to this litigation, the Motion to Quash is granted as to categories 2 and 3.

Regarding the remaining three categories, Superior argues that compliance with the subpoena will require Superior to spend thousands of dollars in employee wages and will likely cause Superior to incur the expense of hiring an outside vendor to search Superior's computer network. Superior also argues that the documents it has in its possession have likely already been produced in discovery between the parties or are documents that Whiting already possesses, as Superior's role in the project that gives rise to this litigation was as a contract party with Whiting. Whiting, having failed to file a response, does not rebut any of Superior's arguments. Accordingly, the Court finds that the burden of time and expense placed on Superior by the subpoena is undue in light of Superior's status as a non-party to this lawsuit and that given the likelihood of many of the requested documents already being in Whiting's possession, the requests are not proportional to the needs of the case. Thus, these categories of requests are outside the scope of discovery. *See* Fed. R. Civ. P. 26(b). The Motion to Quash is granted as to categories 1, 4, and 5.

Accordingly, the Court hereby **GRANTS** the Motion of Movant/Non-Party, Superior Construction Co., Inc., to Quash or Modify Subpoena [DE 48] and **QUASHES** the Subpoena served on Superior by Whiting on or about Friday, April 21, 2017.

SO ORDERED this 25th day of May, 2017.

> s/ Paul R. Cherry
> MAGISTRATE JUDGE PAUL R. CHERRY
> UNITED STATES DISTRICT COURT

cc: Robert F. Parker, counsel for Superior Construction Co., Inc.