UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITY OF WHITING, INDIANA., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:14 CV 440 |
| | ) |
| WHITNEY, BAILEY, COX, & | ) |
| MAGNANI, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on plaintiff's motion for leave to file a third amended complaint to join additional parties. (DE # 43.) The City of Whiting, Indiana ("the City") seeks to join American Structurepoint, Inc. ("Structurepoint") and Superior Construction Co., Inc. ("Superior") as defendants. (*Id.*) Defendant Whitney, Bailey, Cox, & Magnani, LLC ("WBCM") opposes the motion. (DE # 52.) The motion has been fully briefed and is ripe for review.

The City filed its motion to amend on April 28, 2017, over one year after the deadline of April 1, 2016, for amended pleadings set in the Rule 16 conference. (DE ## 24, 43.) Although Federal Rule of Civil Procedure 15(a)(2) says that courts should "freely give leave" to amend, a different standard provided by Rule 16(b)(4) applies once the scheduled deadline passes. *See Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Thus, "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause'" to modify the schedule. *Trustmark Ins. Co. v. Cgeneral & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)). "Rule 16(b)'s 'good cause'

standard primarily considers the diligence of the party seeking the amendment." *Id*. In other words, in order to demonstrate good cause in this context, the City must show that despite its diligence it could not have met the earlier deadline. *See Tschantz*, 160 F.R.D. at 571.

WBCM presents the court with several arguments as to why it believes the City should have been able to meet the earlier deadline. Initially, it argues that the two parties the City seeks to join were in contractual privity with the City concerning the Whiting Lakefront Park Project, the design and construction of which is at issue in this case. (DE # 52 at 3.) WBCM argues that the City, therefore, must have had the knowledge necessary to support a claim against Structurepoint and Superior before the deadline. (*See id*.) However, privity alone is not enough to show that the City should have known to bring these claims earlier. The City is correct that it has an obligation under Rule 11 of the Federal Rules of Civil Procedure to support the factual contentions of its pleadings with evidentiary support (or to identify that it will likely have evidentiary support after further investigation or discovery). (DE # 53 at 4 (quoting Fed. R. Civ. P. 11(b)(3)).) The mere existence of a contractual relationship cannot support a claim.

However, WBCM contends that the City had access to other evidence and information that made it possible to file its claims against the other defendants before the deadline. First, WBCM points to a letter written by its counsel, dated April 5, 2013, that was in the City's possession and included in the files the City produced for the lawsuit. (DE # 52-1.) This letter contains allegations from WBCM that Structurepoint

and Superior failed to provide survey drawings. (DE # 52 at 4.) This failure to provide surveys was ultimately asserted by the City in its claims against Structurepoint and Superior that appear in the proposed third amended complaint. (DE # 43-2 at ¶¶ 109–13, 122–24.) At the very least, this letter would put City on notice, before the deadline, that it should perform further investigation into claims against Superior and Structurepoint.

Next, WBCM contends that it "repeatedly asserted this same argument" about survey performance at later dates; however, these later assertions by WBCM all appear in documents that were not created until after the amendment deadline of April 1, 2016. (*See* DE # 52 at 4–5.) So these documents have no bearing on the City's ability to bring claims against the proposed defendants before the deadline. On the contrary, they seem to support the City's contention that it was only able to bring claims against Structurepoint and Superior after the deadline once this "new evidence" became available.

Nevertheless, not all of the "new" documents contain entirely "new" information. In the letter from November 18, 2016, WBCM relies on information contained in a "Change Order" document created in 2012. (DE # 43-1.) The Change Order was executed by Superior, Structurepoint, and the City, and was in the possession of the City prior to the deadline. (DE # 52 at 11.) Although the City did not have access to WBCM's more recent interpretation of the Change Order before the deadline, it possessed the Order itself and could have discovered its relevance before the deadline, with the exercise of diligence.

Lastly, WBCM cites a document containing minutes from a "Construction Progress Meeting" dated April 10, 2013. (DE # 52 at 5.) This document was produced by the City in discovery, and the City had access to the information before the deadline. (*Id.*) The minutes state that "Superior had admitted non performance of the 3rd party survey requirements. [Structurepoint] neglected to inform Superior of the requirement." (DE # 52-4 at 2.) These "admissions" are similar to the claims the City now brings against Superior and Structurepoint in the proposed third amended complaint: a negligence claim against Structurepoint and breach of contract claims against Structurepoint and Superior regarding, in part, their failures to provide surveys. (DE # 43-2 at ¶¶ 109–13, 117–18, 122–24.) Whether or not these admissions relate to the same actions that now serve as the basis for the City's new claims, they could have put the City on notice of this issue before the deadline. It is noteworthy that the City does not address the Construction Progress Meeting minutes in its reply. (*See* DE # 53.)

In combination, the April 2013 minutes, the April 2013 letter, and the 2012 Change Order provided enough information so that the City could have pursued a claim against Structurepoint and Superior at some earlier point. Yet, there is no evidence that the City acted diligently to pursue these claims when it first obtained these documents. In light of this earlier obtained information, the City has failed to show that it could not have met the earlier deadline, despite its diligence. *See Tschantz*, 160 F.R.D. at 571. Therefore, the court finds there is no good cause to allow this motion for leave to amend to be filed after the previously established deadline of April 1, 2016.

In its reply, the City—for the first time—argues that the court should grant an extension of the deadline to amend because of Rule 6(b) of the Federal Rules of Civil Procedure. (DE # 53 at 2.) Rule 6(b)(1) states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). The City has not actually filed a motion to extend the deadline for amended pleadings. Furthermore, the extension rule in Rule 6(b) is more general than Rule 16(b)(4), which specifically applies to deadlines set by a Rule 16 scheduling order. Usually, where more than one Federal Rule of Civil Procedure could apply to a circumstance, the federal courts should apply the specific provision over the general provision. *See McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *10 (N.D. Ill. July 14, 2015) (analyzing an extension of a deadline set by a Rule 16 conference using the Rule 16(b)(4) standard rather than Rule 6(b)).

Regardless, the court finds that the City also fails to meet the standard of excusable neglect. The factors for the court to consider when evaluating a claim of excusable neglect include the danger of prejudice to the nonmoving party and the reason for the delay. *Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010). Both of these factors favor WBCM. First, the reason for the delay was the City's own lack of diligence in pursuing a claim based on information which was under its own control. Second, allowing the City to add new defendants would prejudice WBCM by delaying the litigation and taking WBCM out of its chosen forum. Moreover, the

5

City brought this motion over one year after the deadline. *Powell v. Furnish*, 1:11-CV-88, 2012 WL 2128031, at *4 (N.D. Ind. June 12, 2012) (including "the length of the delay" among factors relevant to excusable neglect). Therefore, the City's failure to comply with the deadline was not due to excusable neglect.

Additionally, even if the court had found good cause to allow the late amendment, the court's analysis of this issue would not be complete, because the addition of the proposed defendants (Structurepoint and Superior) would destroy the diversity of the parties.[1] Without complete diversity, the court would no longer have subject matter jurisdiction over the action.[2] When joinder of a nondiverse party would destroy subject matter jurisdiction, the district court is left with two options: (1) it may deny joinder, or (2) it may permit joinder and remand the action to the state court. 28 U.S.C. § 1447(e). The choice between those two options is left to the discretion of the district court and is dependent upon a four-factor balancing test adopted by the Seventh Circuit. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). However, the court need not reach this issue due to its earlier conclusions regarding good cause and excusable neglect.

---

[1] This case was originally filed in Lake County Superior Court and was removed on the grounds that there was complete diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332. (DE # 1 at 1.) Both Structurepoint and Superior are Indiana corporations with their principal places of business in Indiana. (*See* DE # 43 at 4.) As such, they are citizens of Indiana for diversity purposes. *See* 28 U.S.C. § 1332(c)(1). The City is also an Indiana citizen for these purposes.

[2] WBCM does not object to the City's contention that the addition of Structurepoint and Superior would destroy diversity and require remand. (*See* DE # 52 at 7.)

For the reasons set forth above, the motion for leave to file a third amended complaint to join additional parties (DE # 43) is **DENIED**. Consequently, the court now **ORDERS** that the stay (*see* DE ## 57, 63) is lifted over the briefing schedule for WBCM's motion for summary judgment (DE # 50).

**SO ORDERED.**

Date: June 7, 2017

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT